## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLENDA SMITH-DAVIS,

      Appellant,

      v.

DEPARTMENT OF THE ARMY,

      Agency.

DOCKET NUMBERS
DE-0752-12-0108-C-1
DE-0752-12-0108-X-1

DATE: SEPTEMBER 26, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Glenda Smith-Davis, Lansing, Kansas, pro se.

Anne E. Hinkebein, Esquire, Fort Leavenworth, Kansas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      This proceeding is before the Board based on the administrative judge's March 17, 2014 compliance initial decision finding the agency in partial compliance and partial noncompliance with the Board's April 25, 2012 final decision.   While the administrative judge's findings of partial compliance and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.   In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

partial noncompliance were docketed as separate matters by the Clerk of the Board, we JOIN the two matters under 5 C.F.R. § 1201.36 and address them both in this decision.[2]   After fully considering the record in this matter, and based on the following points and authorities, we DISMISS AS MOOT MSPB Docket No. DE-0752-12-0108-X-1 and DENY the appellant's petition for review in MSPB Docket No. DE-0752-12-0108-C-1 for failure to meet the criteria for review.  5 C.F.R. § 1201.115.

¶2      On April 25, 2012, the administrative judge issued an initial decision reversing the agency action removing the appellant from her GL-07 Supply Technician position, effective December 14, 2011.  *Smith-Davis v. Department of the Army*, MSPB Docket No. DE-0752-12-0108-I-1, Initial Decision (ID).  The administrative judge ordered the agency to cancel the removal action; retroactively restore the appellant, effective December 14, 2011; and pay the appellant the appropriate amount of back pay, with interest and appropriate credits and deductions for benefits.  ID at 15-16.  Neither party filed a petition for review of the initial decision in MSPB Docket No. DE-0752-12-0108-I-1.

¶3      The appellant later filed a petition for enforcement, arguing that, for various reasons, the agency did not pay her the appropriate amount of back pay.  MSPB Docket No. DE-0752-12-0108-C-1, Compliance File (CF), Tab 1.  The administrative judge issued an initial decision on March 17, 2014, finding that the agency proved by preponderant evidence that it properly calculated the back pay and benefits owed to the appellant and issued payment to her accordingly.  CF, Tab 25, Compliance Initial Decision (CID).  However, she found that the agency was in partial noncompliance with her previous order because it deducted from the appellant's back pay award $10,212.00 for unemployment compensation she

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite processing of the cases and will not adversely affect the interests of the parties.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b).  We find that these appeals meet the regulatory requirement; therefore, we join them here.

received from the State of Kansas but did not establish that it remitted those funds to the State of Kansas. CID at 4. She ordered the agency to submit proof that it issued a payment on the appellant's behalf to the State of Kansas in the amount of $10,212.00. CID at 4.

¶4      The agency timely filed a statement of compliance, asserting that it issued the required payment to the State of Kansas. MSPB Docket No. DE-0752-12-0108-X-1, Compliance Referral File (CRF), Tab 1 at 4-5. In support of this claim, the agency submitted a letter from the Kansas Department of Labor, dated April 18, 2014, confirming that it received a payment from the agency in the amount of $10,212.00 via check dated July 23, 2013. *Id.* at 7. The agency also provided a copy of the check. *Id.* at 8. In light of the agency's evidence, which the appellant does not contest,[3] we FIND that the agency has complied with the compliance initial decision. Accordingly, the portion of the appellant's petition for enforcement docketed as MSPB Docket No. DE-0752-12-0108-X-1 is DISMISSED AS MOOT.

¶5      The appellant has filed a petition for review of the compliance initial decision. MSPB Docket No. DE-0752-12-0108-C-1, Petition for Review (PFR) File, Tab 1, Tab 2. She argues that the agency did not establish that it paid her for the period between June 12, 2012, and June 30, 2012. PFR File, Tab 2 at 2. She bases this claim on the fact that the agency's spreadsheet documenting the payments she was owed for each pay period during the relevant back pay period indicates that she was not paid for the pay periods ending June 16 and 30, 2012. *Id.* at 2-3; CF, Tab 18 at 7. However, the appellant herself submitted leave and earnings statements showing that she received payment at the GL-7, Step 7 rate, including locality pay, for 80 hours for both the pay period ending June 16, 2012, and the pay period ending June 30, 2012. CF, Tab 1 at 6-8.

---

[3] The Clerk of the Board issued an Acknowledgement Order, advising the appellant of her right to file a response to the agency's statement of compliance. CRF, Tab 2 at 2. The appellant did not file a response.

¶6 The appellant also submits her 2012 W-2 form, arguing that the salary listed in box 1 of the form proves that she did not receive the total amount of salary she should have received in 2012. PFR File, Tab 2 at 2-3, 6; *see* CF, Tab 1 at 11. The W-2, without more, does not indicate that the agency failed to pay the appellant the correct amount of back pay.[4] Other than her claim concerning the pay periods ending June 16 and June 30, the appellant does not contest the agency's calculations; she does not challenge the hourly rate it applied, the number of work hours for which it determined she was entitled to back pay, its interest calculation, or any deductions it made. Moreover, the appellant submitted a bank statement indicating that the agency transmitted the net amount of $8,012.53 to her account electronically on July 26. CF, Tab 1 at 5. A leave and earnings statement the appellant provided indicates that this net payment resulted from a gross amount of $13,632.38, after tax, insurance, and retirement deductions. *Id.* at 8. The agency explained that the July 26 payment included payment for the pay periods ending June 30 and July 14, as well as the appellant's back pay award. CF, Tab 13 at 4. This appears to be correct because the appellant's gross earnings for the pay periods ending June 30 and July 14 were $1,982.40 and $1,932.80, respectively, and the agency determined that it owed her gross back pay in the amount of $9,717.18, all of which total $13,632.38. CF, Tab 1 at 7-8, Tab 18 at 9.

¶7 The appellant has shown no error in the administrative judge's finding that the agency properly calculated the amount of back pay owed to her, and we therefore DENY her petition for review docketed as MSPB Docket No. DE-0752-12-0018-C-1 and AFFIRM the compliance initial decision. The compliance initial decision is now the final decision of the Board regarding those issues. As stated previously, we DISMISS as MOOT the compliance referral docketed as MSPB

---

[4] We note that the amount listed in box 1 on a W-2 does not necessarily reflect gross wages. *See* Internal Revenue Service, General Instructions for Forms W-2 and W-3 (Dec. 17, 2013), at 14-15, *available at* http://www.irs.gov/pub/irs-pdf/iw2w3.pdf.

Docket No. DE-0752-12-0108-X-1, and this is the final decision of the Board in that matter.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.